UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| BILL HACKWORTH, | ) | |
| Plaintiff, | ) | Civil Action No. 08-39-ART |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| GUYAN HEAVY EQUIPMENT, INC., | ) | |
| Defendant. | ) | |

*** *** *** ***

Defendant Guyan Heavy Equipment, Inc. ("Guyan Heavy Equipment") filed a Motion for Summary Judgment, R. 25, in this employment discrimination case. Plaintiff Bill Hackworth claims that Guyan Heavy Equipment terminated his employment as a salesman because of his age and because he had filed a worker's compensation claim, and he further alleges that Guyan Heavy Equipment engaged in outrageous conduct toward him. The defendant's motion for summary judgment, however, shows that these claims lack merit. According to the evidence presented by the defendant, Hackworth was fired because he was an exceptionally poor employee, not because of his age or worker's compensation claim. Moreover, the defendant has also demonstrated that there is no evidence of outrageous conduct on its part. Because Hackworth never responded to the defendant's motion, he has failed to rebut the defendant's evidence regarding the discrimination claims, and he has failed to demonstrate that any evidence exists in his favor with regard to the outrageous conduct claim. Accordingly, the defendant's motion for summary judgment must be granted.

**I. Facts**

Plaintiff Bill Hackworth was born in 1952. In 1989, Guyan Machinery, which provides equipment and services to the coal industry, hired him as a sales representative. R. 26, Dep. of Bill Hackworth at 20; R. 27 Dep. of Todd Meloy at 4-5. The defendant in this case, Guyan Heavy Equipment, was the heavy equipment division of Guyan Machinery until 2000, when Todd Meloy and Scott Coffey purchased and established it as an independent company. R. 27, Dep. of Todd Meloy at 3. At that time, they decided to retain all of the division's employees, which included Hackworth. R. 27, Dep. of Todd Meloy at 12, 14.

Hackworth remained employed with Guyan Heavy Equipment from its formation in 2000 until May 10, 2007. During that time, however, there was a brief four-month period at the end of 2003 and the beginning of 2004 in which he was off from work while recuperating from a heart attack. R. 26, Dep. of Bill Hackworth at 33-34. He was paid short-term disability benefits as well as commissions during his recuperation. R. 27, Dep. of Todd Meloy at 26-27. He also sought worker's compensation benefits as a result of his heart attack, but his claim was denied. R. 26, Dep. of Bill Hackworth at 36.

After the formation of Guyan Heavy Equipment, Meloy explained to Hackworth that he was expected to do the same things that he had previously done for Guyan Machinery, i.e., "establish a customer base, increase sales, maintain sales." R. 27, Dep. of Todd Meloy at 14. Hackworth, however, failed to meet these expectations. Indeed, throughout his employment with Guyan Heavy Equipment, Hackworth proved himself to be an unreliable, unproductive, and uncooperative employee. The defendant's motion for summary judgment—which Hackworth has chosen not to respond to—thoroughly details Hackworth's shortcomings as an employee. For example, the record

shows the following deficiencies on Hackworth's part: (1) a poor work ethic, R. 24, Dep. of Scott Coffey at 10; (2) failure to develop new customers, *Id.* at 17-18; R. 27, Dep. of Todd Meloy at 53; (3) refusal to comply with safety guidelines by wearing steel-toed boots when visiting customers at coal mines, *Id.* at 14-15; R. 27, Dep. of Todd Meloy at 24, 39-40; (4) failure to communicate with superiors and other salespeople, R. 24, Dep. of Scott Coffey at 12; R. 27, Dep. of Todd Meloy at 18, 50; (5) using company time and resources to operate a side business, R. 24, Dep. of Scott Coffey at 15-17; R. 27, Dep. of Todd Meloy at 44-45, 52-53; and (6) drastically reduced sales over the last year of his employment, R. 27, Dep. of Todd Meloy, Ex. 1.

In January of 2007, Meloy and Coffey decided to meet with Hackworth in an attempt to resolve his job performance issues. At that meeting, Meloy and Coffey told Hackworth that he needed to improve his attitude, communicate better with other salespeople and co-workers, start wearing safety boots, stop operating his side business on company time, improve sales, and come to work on time. R. 24, Dep. of Scott Coffey at 11-23; R. 27, Dep. of Todd Meloy at 49-57. Hackworth was also informed that the company would have to cut one of its sales positions if he did not improve his sales numbers, and that he would be re-evaluated after the first quarter of 2007. *Id.* at 54-55, 57.

In March of 2007, Meloy and Coffey met with Guyan Heavy Equipment's sales manager, who informed them that Hackworth's performance had not improved. *See* R. 24, Dep. of Scott Coffey at 28. Nevertheless, Meloy suggested that Hackworth be given a couple of additional months to effect a turnaround. R. 27, Dep. of Todd Meloy at 63. Despite this second chance, Hackworth's performance did not improve, and the defendant fired him on May 10, 2007. *Id.* at 69. The defendant filled Hackworth's position with an individual who was forty-four years old. *See* R. 24,

Dep. of Scott Coffey at 37.

Hackworth then filed this lawsuit in Floyd Circuit Court on February 5, 2008. R. 1., Attach. 1 at 3. On February 29, 2008, the defendant removed the case to this Court on the basis of diversity jurisdiction. R. 1.

## II. Subject Matter Jurisdiction

As an initial matter, this Court must determine whether it has subject matter jurisdiction over this case before it can render a decision on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 917 (6th Cir. 1986). There is a question as to whether subject matter jurisdiction exists in this case because the complaint includes a claim for workers' compensation retaliation, and 28 U.S.C. § 1445(c) explicitly prohibits the removal of a "civil action in any State court arising under the workmens' compensation laws of such State." Under Kentucky law, a claim of workers' compensation retaliation must necessarily be considered a civil action "arising under the workmens' compensation laws" of the state since the Kentucky workers' compensation statute creates the cause of action for workers' compensation retaliation claims. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 203 (6th Cir. 2004) (holding that a civil action arises under a state workmens' compensation law when the workmens' compensation law created the cause of action); *see also* Ky. Rev. Stat. § 342.197(3) (providing a cause of action for workers' compensation retaliation).[1] Thus, it would seem at first glance that § 1445(c) prevents this Court

[1]The defendant suggests that Hackworth has failed to assert a claim of workers' compensation retaliation arising under the workmens' compensation laws of Kentucky because his complaint does not cite the relevant Kentucky statute. This argument is unavailing, however,

from exercising jurisdiction over the instant case. Ultimately, however, the Court concludes that it does not lack jurisdiction because the violation of § 1445(c) is a procedural—rather than jurisdictional—defect in removal, and that defect has been waived by the plaintiff's failure to make a timely motion to remand.

When a case is removed to federal court, it is subject to remand under 28 U.S.C. § 1447(c) for either jurisdictional or procedural defects in the removal. A jurisdictional defect is one that deprives a federal court of subject matter jurisdiction, which is the only source of "authority to hear a given type of case." *United States v. Morton*, 467 U.S. 822, 828 (1984). Unlike jurisdictional defects, however, procedural defects do not affect the court's underlying authority. Rather, procedural defects go solely to the process by which a case is removed. *See Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (stating that procedural defects "[do] not go to the question of whether the case originally could have been brought in federal district court . . . ." (quoting *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993))).

By way of illustration, consider the forum state defendant rule found in 28 U.S.C. § 1441(b). This rule prevents a case from being removed on the basis of diversity jurisdiction when a defendant is a citizen of the forum state, but it does not prevent such a case from being filed in federal court originally. Therefore, the removal of a case in violation of § 1441(b) constitutes a procedural defect

---

because "[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim. Factual allegations alone are what matters." *Knapp v. City of Columbus*, 93 F. App'x 718, 720 (6th Cir. 2004) (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988)). Thus, since the complaint includes sufficient factual allegations for a claim of workers' compensation retaliation under the Kentucky workmens' compensation laws, it is properly construed as asserting such a claim.

because § 1441(b) renders such removals improper, but it does not remove from federal courts all authority to exercise diversity jurisdiction over the class of cases involving forum state defendants. *See RFF Family P'ship, LP v. Wasserman*, No. 08-3348, 2009 WL 596107, at *1 (6th Cir. March 10, 2009); *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 313 (2d Cir. 2005); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000).

The characterization of a removal defect as either jurisdictional or procedural has the important effect of determining when and how the defect must be raised in order to obtain a remand. If the defect is jurisdictional, then it can be raised at any time by any party, and can even be raised *sua sponte* by the court. *See Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 904 (6th Cir. 2006). A procedural defect, however, is waived unless it is raised in a motion to remand that is made within thirty days after removal. *See Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995); *Obeid v. Meridian Auto. Sys.*, 296 F. Supp. 2d 751, 757-58 (E.D. Mich. 2003).

The defect at issue here—i.e., the violation of 28 U.S.C. § 1445(c)—is clearly procedural because § 1445(c) merely limits the ability to remove civil actions arising under state workmens' compensation laws and does not affect the ability of federal courts to hear such cases when they are filed in federal court originally. Because this is a procedural defect, it does not deprive the Court of subject matter jurisdiction over the case. Moreover, the defendant has waived his right to seek a remand on the basis of this defect because he failed to make a motion to remand within thirty days after removal.

Although the Sixth Circuit has never spoken directly to the issue, this conclusion is strongly supported—in fact, almost compelled—by the Sixth Circuit's decision in *Carpenter v. Baltimore & Ohio R.R. Co.*, 109 F.2d 375 (6th Cir. 1940). In *Carpenter*, the Sixth Circuit addressed the closely

analogous question of whether the predecessor to 28 U.S.C. § 1445(a)—which prevents the removal of a civil action arising under the Federal Employers' Liability Act—was a jurisdictional or procedural bar to removal. *Carpenter* presented a situation where a case involving a FELA claim had been removed to, and tried in, federal court. On appeal of the jury's verdict in favor of the defendant, the Sixth Circuit was obliged to address the issue of whether the federal courts even had jurisdiction over the case in light of the prohibition on the removal of civil actions arising under FELA. The court concluded that bar on the removal of FELA actions was not jurisdictional. *See id.* at 379-80. Specifically, the court held:

> [The prohibition on the removal of cases brought under FELA] does not purport to limit the jurisdiction of the District Court but confers a personal privilege on the parties which may be waived and the rule applies that where a Federal court would have had jurisdiction of a cause if originally brought there and the parties have fully consented to its jurisdiction after removal and acted thereon, it may retain it, though the cause was improperly removed by the defendant.

*Id.* As there is no material difference between the prohibition on the removal of FELA cases and the prohibition on the removal of cases arising under state workers' compensation laws, there is no reason why the holding of *Carpenter* should not be applied to cases like the one at hand.

Finally, it is true that some courts have treated a violation of § 1445(c) as a jurisdictional defect. *See New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1097 (11th Cir. 1997); *McCormack v. RR Donnelley & Sons Co.*, 436 F. Supp. 2d 857 (E.D. Ky. 2006). Such cases, however, are few and far between, and they go against the greater weight of authority, which holds that a violation of § 1445(c) is a procedural defect. *See, e.g., Wiley v. United Parcel Serv., Inc.*, 11 F. App'x 176, 178 (4th Cir. 2001) (citing *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998); *Ayers v. ARA Health Servs., Inc.*, 918 F. Supp. 143, 146-47 (D. Md. 1995)); *Williams v. AC Spark Plugs Div.*

*of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993); *Sandlass v. Sears, Roebuck & Co.*, 462 F. Supp. 2d 701, 705 (D. Md. 2006); *Obeid*, 296 F. Supp. 2d at 757-58. Therefore, for these reasons—and the others discussed above—the Court is not persuaded by those cases that have found § 1445(c) to be a jurisdictional bar to removal. Because a violation of § 1445(c) is a procedural defect rather than a jurisdictional defect, and because the plaintiff waived this defect by failing to make a timely motion to remand, nothing prevents the Court from proceeding to the merits of Hackworth's claims.

## III. Hackworth's Claims

Hackworth's complaint asserts three claims against the defendant: (1) age discrimination, (2) workers' compensation retaliation, and (3) outrageous conduct. *See* R. 1, Attach. 1 at 3-5. In conjunction with its motion for summary judgment, the defendant has presented a substantial amount of evidence showing that these claims are unfounded. In addition, Hackworth has failed to respond to the defendant's motion. Thus, he has neither rebutted the defendant's arguments and evidence, nor has he presented any evidence in support of his claims. Accordingly, even though the Court must view the evidence in the light most favorable to Hackworth, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), the available record does not permit the Court to conclude that a reasonable jury could find in Hackworth's favor on any of his claims. Therefore, the defendant is entitled to summary judgment on all of Hackworth's claims. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### A. Age Discrimination

The complaint does not specify whether Hackworth's age discrimination claim is brought under the Kentucky Civil Rights Act or the federal Age Discrimination in Employment Act, but this ultimately does not matter since the familiar *McDonnell Douglas* burden shifting analysis applies to claims under both statutes. *See Williams v. Wal-Mart Stores, Inc.*, 184 S.W.3d 492, 495-96 (Ky. 2005).[2] Under this framework, the plaintiff must first establish a prima facie case of age discrimination by showing that: (1) he was a member of a protected class of persons (i.e., persons 40 years of age or over); (2) he was discharged; (3) he was qualified for the position from which he was discharged, and (4) he was replaced by someone outside of the protected class. *See Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 394 (6th Cir. 2008) (citing *Minadeo v. ICI Paints*, 398 F.3d 751, 764 (6th Cir. 2005)). If the plaintiff establishes a prima facie case, then the burden shifts to the defendant "to articulate a legitimate nondiscriminatory reason for the adverse employment action." *Id.* (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998)). If the defendant meets this burden, then "the burden of production shifts back to the plaintiff to show that the employer's nondiscriminatory explanation is a mere pretext for intentional age discrimination." *Id.* (quoting *Ercegovich*, 154 F.3d at 350).

In this case, it does not appear that Hackworth can establish a prima facie case since the evidence indicates that he was replaced by an individual who was over the age of forty. *See* R. 24, Dep. of Scott Coffey at 37. However, even if Hackworth could establish a prima facie case, it is abundantly clear that he could not prevail at the subsequent stages of the analysis. The ample evidence of Hackworth's poor job performance provides a legitimate nondiscriminatory explanation

---

[2]The defendant contends that Hackworth's age discrimination claim is doomed by the fact that the complaint fails to cite the specific statute under which this claim is brought. As explained above, this argument lacks merit. *See supra* note 1.

for his termination, and he has offered no evidence indicating that this explanation is a mere pretext for discrimination. As a result, the defendant is entitled to summary judgment on this claim because there is no way that a reasonable jury could find in Hackworth's favor.

**B. Workers' Compensation Retaliation**

A claim of workers' compensation retaliation under Kentucky law requires the plaintiff to first establish a prima facie case by demonstrating that: (1) he engaged in a protected activity; (2) the defendant knew that the plaintiff had done so; (3) adverse employment action was taken; and (4) there was a causal connection between the protected activity and the adverse employment action. *Dollar Gen. Partners v. Upchurch*, 214 S.W.3d 910, 915 (Ky. Ct. App. 2006) (citing *Brooks v. Lexington-Fayette Urban County Hous. Auth.*, 132 S.W.3d 790 (Ky. 2004)). In this case, Hackworth is unable to establish a prima facie case because there is absolutely no evidence of a causal connection between his attempt to obtain workers' compensation benefits and his termination. The only evidence supporting such a connection is the fact that Hackworth made a claim for workers' compensation benefits in 2004, and then three years later, he lost his job. This gap is simply too great to permit an inference of a causal connection. Moreover, no evidence exists that Hackworth was ever harassed or disciplined on account of his attempt to obtain workers' compensation benefits. Therefore, the record provides no evidence upon which a reasonable jury could find a causal connection between Hackworth's protected activity and his termination. As a result, this claim also fails.

**C. Outrage**

The tort of intentional infliction of emotional distress/outrage requires proof of the following elements: (1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be

outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress caused to the plaintiff; and (4) the emotion distress caused to the plaintiff must be severe. *See Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004). The basis for Hackworth's claim of outrage is his allegation that "the Defendant continues to use Plaintiff's name in its dealings with customers who formally [sic] had a direct relationship with the Plaintiff as the Defendant's company representative." R. 1, Attach 1 at 4. Hackworth, however, has presented no evidence to support this allegation. To the contrary, the only evidence in the record that touches on this issue is the deposition testimony of Tony Conn—one of the defendant's employees—who stated that he was instructed to simply tell people that Hackworth was no longer employed by the defendant. R. 28, Dep. of Tony Conn at 13. Thus, not only has the defendant pointed out that there is no evidence in support of the outrage claim, but it has affirmatively put forth evidence showing that the allegation on which this claim is based is untrue. In light of these facts, it would be impossible for a reasonable jury to find that Hackworth's allegation is true. Moreover, even if Hackworth had presented evidence proving the allegation underlying the outrage claim, the defendant would still be entitled to summary judgment because the defendant's use of Hackworth's name in its dealings with customers would not rise to the level of outrageous and intolerable conduct. *See Stringer*, 151 S.W.3d at 789-90 (describing situations where Kentucky courts have found conduct to be sufficiently outrageous to warrant a claim for intentional infliction of emotional distress/outrage).

## IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that the defendant's Motion for Summary Judgment, R. 25, is **GRANTED**. Accordingly, judgment shall be entered in favor of the defendant, and this matter shall be **STRICKEN** from the active docket.

This the 11th day of May, 2009.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**
***Amul R. Thapar*** AT
**United States District Judge**